**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**ALAN DALE WALKER**                                                        **PETITIONER**

**VS.**                                                                **CIVIL ACTION NO. 1:97CV29KS**

**CHRISTOPHER EPPS, Commissioner,
Mississippi Department of Corrections
and JIM HOOD, Attorney General of the
State of Mississippi**                                            **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

Alan Dale Walker was convicted of capital murder in the Circuit Court of Harrison County in August, 1991, and sentenced to death. The Mississippi Supreme Court affirmed his conviction[1] and denied post-conviction relief,[2] and Walker filed a Petition for Writ of Habeas Corpus in this Court. Currently before the Court is the Respondents' Motion for Summary Judgment or, in the Alternative, Motion to Dismiss for Failure to File a Petition for Writ of Habeas in Compliance with 28 U.S.C. § 2244(d). The basis of the Motion is the Respondents' assertion, which the Petitioner does not contest, that his Petition for Writ of Habeas Corpus was filed ten days beyond the period permitted by § 2244(d). Thus, the Court can only consider this Petition on the merits if it finds sufficient reason to equitably toll the limitations period for an additional ten days. Having considered the parties' pleadings, as well as the evidence presented, the Court is of the opinion that the limitations period should be tolled for that time. Thus, for the reasons more fully explained below, the Court finds the Petition to be timely and entitled to consideration on its merits.

---

[1] *Walker v. State*, 671 So. 2d 581 (Miss. 1995).

[2] *Walker v. State*, 863 So. 2d 1 (Miss. 2003).

In his Response to the Motion, Walker initially argued that his Petition was not untimely. This argument was based on his contention that the time period during which he was seeking certiorari from the U.S. Supreme Court on his post-conviction petition should not be counted against him. However, that argument (presented by a different petitioner) was rejected by the United States Supreme Court in *Lawrence v. Florida*, 127 S. Ct. 1079 (2007). As that argument is no longer viable, the only issue before the Court is whether Walker's untimely filing should be excused on equitable grounds.

The Respondents' claim for relief is based on the one year statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"], as found in 28 U.S.C. § 2244(d). This statute provides, in pertinent part, as follows:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
>
> . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The parties have applied this statute to the following dates, which they agree should be used in the computation of the limitations period. There is no dispute that Walker's direct appeal became final after the United States Supreme Court denied certiorari on December 2, 1996, and the statute of limitations began to run at that time. An application for post-conviction relief was filed in the

Mississippi Supreme Court on March 17, 1997, and the parties further agree that this filing tolled the limitations period until the disposition of the application on January 22, 2004.[3] The habeas petition was not filed until October 18, 2004, which the parties agree was ten days too late.

Shortly after Walker's direct appeal process had concluded, the State set an execution date, and Walker filed a *pro se* Motion to Stay Execution in this Court. That Motion was granted, and the Court appointed George Holmes and James Craig to represent Walker in the habeas matter. The Order Appointing Counsel does not designate either of them as lead counsel, although Craig later stated that his understanding was that his role was secondary, limited to assisting in research, editing drafts of pleadings, and writing limited portions of pleadings and briefs.

In February, Walker's state appellate counsel submitted a motion to withdraw, which was denied in state court because substitute counsel had not been appointed. On March 17, a *pro se* application for post-conviction relief was filed with the Mississippi Supreme Court, along with a motion seeking the appointment of counsel. (There is no indication as to how this application was filed – whether Walker actually mailed the pleading himself or whether it was delivered to the court by someone else on his behalf.) Holmes and Craig subsequently moved this Court to hold its action in abeyance, pending the result of the post-conviction application, and to extend the time for filing a habeas petition. The Court granted that motion by an Order entered on March 27, 1997, which

---

[3]Walker has **not** argued that his application was pending until the Mississippi Supreme Court issued its mandate on January 29, 2004. In a recent unpublished opinion, the Fifth Circuit granted a certificate of appealability on this issue, in the context of Texas law, but declined to decide it. *Talbert v. Cockrell*, 71 Fed. App'x. 441 (5th Cir. 2003). The Mississippi Supreme Court does not consider a conviction "final" until it issues its mandate. *Puckett v. State*, 834 So. 2d 676, 677 (Miss. 2002). Substituting the date that the mandate issued in Walker's case results in a due date of Friday, October 15; however, the filing of Walker's petition on Monday, October 18, would still be considered untimely.

stated that the federal habeas case would be stayed and held in abeyance until 10 days after the disposition of the post-conviction application pending in state court.

On July 18, 1997, the State responded to Walker's *pro se* application for post-conviction relief. In reciting the procedural history of the case, the response stated that the date that the United States Supreme Court denied certiorari on the direct appeal was December **12**, 1996, rather than December **2**. On October 16, 2003, the Mississippi Supreme Court denied the application for post-conviction relief. In its opinion, the court repeated the State's error as to the date that certiorari was denied, stating that it was December **12**, not December **2**, 1996. Rehearing was denied on January 22, 2004, and the court's mandate was issued on January 29, 2004.

Seven months after rehearing was denied on his post-conviction application, on August 25, 2004, Walker wrote to the Clerk of this Court complaining that he had no contact with his attorneys "in years" and asking whether anything had been filed. A few weeks thereafter, on September 15, 2004, Holmes wrote to Walker to tell him that he was withdrawing from the case. Holmes also told Walker that he had until January 22, 2005, to file his habeas petition. On September 16, 2004, this Court entered an Order permitting Holmes to withdraw.

The Order permitting withdrawal stated that another attorney would be appointed to assist Craig, but none was appointed at that time. Upon receipt of the Order, Craig prepared a list of pertinent dates, in order to determine when the habeas petition was due. That list included the incorrect date for denial of certiorari, which Craig contends he picked up from the Mississippi Supreme Court's opinion. (The Respondents have made that error in two later pleadings, including the Motion for Summary Judgment pending in this Court, in which they state, in one section, that

4

certiorari was denied on December 12, 1996.)[4]  Based on the incorrect date, Craig noted on his calendar that the habeas petition was due on October 18, 2004.

On October 8, the time period within which to file a habeas petition expired. On October 14, Walker wrote to the State Bar complaining about the lack of contact with Craig, stating, "I am told something is due in federal court on January 22, 2005 . . . ." On October 18, 2004, Craig filed Walker's habeas petition, but apparently did not send him a copy. Not knowing that the habeas petition had been filed, Walker sent another letter to the Bar on November 14, along with a bar complaint.

On November 21, 2004, Walker wrote to the District Judge originally assigned to this matter, complaining about the lack of contact with Craig and asking for information on the status of his case, as well as the date when his petition needed to be filed. At that point, the Court mailed Walker a copy of the docket sheet. Later, someone in the State's Office of Post-Conviction Relief mailed Walker a copy of the habeas petition. After reviewing it, Walker complained about the content of the petition, which mistakenly referred to him as a black man. On January 6, 2005, Craig responded to Walker's bar complaint by promising to correct the petition and communicate with Walker. However, by June 30, 2005, Walker was still complaining that he had not seen or heard from Craig.

On August 8, 2005, the Respondents filed their Motion for Summary Judgment, and, on August 24, Walker filed a Motion to Fire Counsel. The case was subsequently transferred to the undersigned, and a hearing was held on Walker's Motion on May 19, 2006. During that hearing, Craig explained that he never intended to be lead counsel in this matter, a position that he has taken

---

[4]Motion for Summary Judgment, at 4.

in his response to the Motion for Summary Judgment.  Craig promised to communicate better with his client, and Walker testified that he wanted Craig to remain on his case.  On June 15, 2006, David Voisin was appointed as second counsel, and he has submitted a supplemental response to the Motion for Summary Judgment.

Walker argues that the limitations period for filing his habeas petition should be tolled because the Mississippi Supreme Court's factual error, which was caused by the State's pleadings, induced his attorney to miscalculate the petition's due date.  Walker also argues that this Court's Order holding his federal case in abeyance until ten days after the disposition of his application for post-conviction relief has the effect of tolling the limitations period for an additional ten days.  Finally, Walker argues that these factors, combined with lead counsel's withdrawal from the case shortly before the habeas petition was due, the misinformation given to Walker as to the correct due date, and the failure of his other appointed counsel to communicate with him, constitute such a rare and unusual combination of events as to justify equitable tolling.  The Court agrees.

The United States Supreme Court has never announced that the doctrine of equitable tolling is available to extend the time within which a habeas petition may be filed.  As recently as the *Lawrence* decision, the Court discussed the principle because the parties had agreed that it was available "without deciding that it is."  127 S. Ct. At 1085; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 n. 8 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations.")  On the other hand, the Fifth Circuit has "squarely addressed" that doctrine on several occasions, using it to permit late filing in some instances, but refusing to use it in others.

Equitable tolling is reserved for the most extraordinary situations – neither the fact that Walker's petition is only slightly late nor his sentence of death is a factor in the decision to apply it. For example, in *Lookingbill v. Cockrell*, 293 F.3d 256 (5th Cir. 2002), the court refused to consider a habeas petition in a death penalty case that was filed only four days late. In so doing, the court noted, "Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally." *Id*. at 263; *see also Johnson v. Quarterman*, No. 06-70013, 2007 WL 922893 (5th Cir. Mar. 28, 2007). The Court's analysis is, instead, limited to a review of the circumstances surrounding the filing of Walker's habeas petition and a determination of whether those circumstances are sufficiently "rare and exceptional" to warrant tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). To meet that standard, Walker must prove that his situation was unusual; claims that could be made by most other petitioners are not "rare and exceptional." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Such claims must, additionally, be external to the petitioner, as "delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

The primary contributors to Walker's late petition were Holmes's miscalculation of the due date of the habeas petition, causing Walker to believe that his petition was due by January 22, 2005, and Craig's miscalculation of the due date, which caused Craig to file the petition ten days late. A secondary consideration is this Court's Order, staying the habeas case until ten days after disposition of the application for post-conviction relief. With regard to Holmes's miscalculation, an attorney's mistake is not ordinarily grounds to invoke equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), *cert. denied*, 539 U.S. 918 (2003). The rationale for denying relief on this basis stems

7

from the longstanding rule that a litigant is bound by the acts of his lawyer/agent, whose knowledge is imputed to the litigant. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 91 (1990). Additionally, courts are unwilling to treat represented litigants differently from unrepresented litigants, who will not be excused from late filing by ignorance of the law. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). Thus, the courts have reasoned, the procedural errors of trained attorneys should not "be dealt with less harshly than would be mistakes by *pro se* litigants." *Cousin*, 310 F.3d at 849.

However, the doctrine should be applied where a petitioner is actively misled as to the period within which he must file his habeas petition. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999); *see also Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). In *Melancon*, the state court miscalculated the due date for a post-conviction petition, causing it to be filed late, and, therefore, preventing the time period during which it was pending from qualifying for statutory tolling under § 2244(d)(2). Absent statutory tolling, the habeas petition was untimely. Although relief was ultimately denied because of the petitioner's lack of diligence, the Fifth Circuit recognized that this situation might otherwise qualify for equitable tolling. Where the misinformation comes from a petitioner's attorney, rather than the court, the limitations period may also be equitably tolled. *Vineyard v. Dretke*, 125 Fed. Appx. 551, 554 (5th Cir. 2004); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).

Here, Walker was misled by one of his attorneys, while his other attorney was misled by the state court. Under other circumstances, dual representation would likely prevent a claim for equitable tolling, since a mistake by one attorney should be caught by the other. In this case, the attorneys, who were apparently neither communicating with each other nor with their client, made separate errors, for separate reasons. Holmes's error is inexcusable, at least legally, and if he had

8

filed Walker's petition on the date he believed was correct, the Court would have to reject the petition. However, he passed the incorrect date on to Walker, then was permitted to withdraw from the case, effectively ending his status as Walker's agent. Walker relied on that date, as is shown by his subsequent correspondence to the Court. In light of Walker's inability to communicate with his other attorney, it was not unreasonable for him to assume that January 22, 2005, was the correct deadline. The fact that Walker's application for post-conviction relief was filed *pro se* suggests that he was capable of filing his own pleadings and could have done so prior to the January deadline. Additionally, Walker's extensive correspondence with the Court and the Bar indicates that he was diligently pursuing his case. Thus, the Court finds that Holmes's mistake is a major factor in the Court's decision to apply equitable tolling in this matter.

Walker's situation was further complicated by Craig's separate miscalculation of the filing date. That miscalculation appears genuinely to have been caused by reliance on the Mississippi Supreme Court's opinion containing the wrong date for denial of certiorari – an error that was induced by the State's inclusion of the wrong date in its pleadings. Other courts have held that an error or omission by the State during the post-conviction process justified the application of equitable tolling. *Brooks v. Dretke*, No. Civ. SA-00-CA-1050-F, 2004 WL 3728566 (W.D. Tex. June 2, 2004), *rev'd on other grounds*, 418 F.3d 430 (5th Cir. 2005) (motion for appointment of habeas counsel never sent to district court); *Martinez v. Quarterman*, No. Civ. SA-04-CA-1023-R, 2006 WL 2042958 (W.D. Tex. July 11, 2006) (due date calculated from second of identical orders issued by the state).

Similarly, equitable tolling has been applied where the petitioner's lateness was largely caused by state law. *Wilson,* 442 F.3d 872*; Hearn v. Dretke*, 376 F.3d 447 (5th Cir.), *limited on*

9

*reh'g*, 389 F.3d 122 (5th Cir. 2004). In both of these cases, the prisoners were impeded in seeking habeas relief by Texas's "two forum" rule, which precluded a petitioner from having pending collateral proceedings in both state and federal court. Due to that rule, while their habeas cases were pending in federal court, the petitioners could not seek relief in state court pursuant to the new constitutional rule announced in *Atkins v. Virginia*, 536 U.S. 304 (2002). By the time their first habeas petitions were decided, the limitations period for seeking relief under *Atkins* had expired. In *Wilson*, the court held that the two-forum rule created a "procedural conundrum" for the petitioner. The court further found that Wilson had exhibited the requisite diligence to apply the doctrine of equitable tolling, and the case, therefore, exhibited "the sort of rare and extraordinary circumstances" that permitted late filing. 442 F.3d at 878. In *Hearn*, the court held that the problem created by the two-forum rule, combined with the withdrawal of the petitioner's habeas counsel after the denial of his initial petition, created a rare and exceptional circumstance that justified tolling.

This Court finds that the State's inclusion of an erroneous date in its pleadings caused the Mississippi Supreme Court to likewise misstate the date on which certiorari was denied. Reliance on the Mississippi Supreme Court's error caused Craig to begin his calculation on the wrong date and, thereby, file a late petition. While this was caused by what was, no doubt, simply a typographical error, it was an error committed by the State, which should not be permitted to benefit from its mistake by the creation of a procedural bar to Walker's habeas petition. When added to Holmes's error, this mistake created the sort of rare and extraordinary circumstance that demands equitable tolling of AEDPA's statute of limitations.

Equitable tolling may also be appropriate where the federal habeas court unwittingly misleads the petitioner or hinders his ability to pursue federal habeas relief. *Alexander v. Cockrell*, 294 F.3d

626, 629-30 (5th Cir. 2002). In *Alexander*, the court raised a constitutional issue *sua sponte*, thereby creating an unexhausted issue that required dismissal. However, while dismissing the case, the court indicated that the petitioner could return to federal court, even though a subsequent petition would be untimely. *See also Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir. 1998) (delay in notifying counsel of his appointment and entry of orders extending the period for habeas filing); *Prieto v. Quarterman,* 456 F.3d 511, 516 (5th Cir. 2006) (entry of orders extending the period for filing). Likewise, in the context of a claim filed under 28 U.S.C. § 2255, the district court's dismissal without prejudice for the express purpose of permitting the prisoner to re-file at a later date, without consideration of the one year limitations period, entitled the prisoner to equitable tolling. *United States v. Patterson*, 211 F.3d 927, 932 (5th Cir. 2000).

Here, this Court granted a stay that held the case in abeyance for ten days after issuance of the decision on the application for post-conviction relief. Walker argues that this stay effectively extended the time for filing his habeas petition another ten days. Although it does not appear that Craig relied on that Order in calculating the October 18 due date, the Order's language contributes to the unusual nature of this case and is yet another factor that indicates that equitable tolling is appropriate. For all of these reasons, the Court concludes that Walker has shown sufficient cause for the Court to excuse the late filing of his Petition for Writ of Habeas Corpus. Thus, the Petition filed by Walker's attorney on October 18, 2004, will be considered timely filed. That being so, the Respondents' Motion for Summary Judgment, or, in the Alternative, Motion to Dismiss raises no issues that entitle the Respondents to relief, and it will be denied.

IT IS, THEREFORE, ORDERED that the Respondents' Motion for Summary Judgment, or, in the Alternative, Motion to Dismiss is hereby **denied**.

IT IS FURTHER ORDERED that pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, the Court finds that an answer to the habeas petition is required and so orders the Respondents to answer in accordance with Rule 5 of those Rules. That answer shall be filed within sixty days of the date of this Order. The Petitioner may file a reply to the Respondents' answer no later than thirty days after the answer is filed.

IT IS SO ORDERED, this the 26th day of April, 2007.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE