# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ALAN DALE WALKER,**                                                              **Petitioner,**

**versus**                                                                            **No. 1:97CV29KS**

**CHRISTOPHER EPPS, COMMISSIONER,**
**MISSISSIPPI DEPARTMENT OF**
**CORRECTIONS, ET AL,**                                                          **Respondents.**

## ORDER

This matter came before the Court on the Petitioner's Motion to Require the Mississippi State Penitentiary at Parchman to Give Expert Access to Petitioner for Purposes of Examination and to Extend the Date for Filing of Petitioner's Brief on the Merits.  (The Motion was filed twice, as Documents 79 and 80, although the contents appear identical.)  The basis of the Motion is the Petitioner's request for a mental health evaluation by an expert forensic psychologist, for purposes of supporting his claim that trial counsel was ineffective for failing to investigate and present mitigation evidence during sentencing.  Walker has requested that the evaluation occur on February 29 and March 3, 2008, with his brief in support of his petition due by April 18, 2008.  '

Walker states that the evaluation is necessary for a more complete presentation of his condition and history "to best prove his claim."  He seeks authorization for the evaluation under 18 U.S.C. §3599(f), which permits the Court to authorize services that are "reasonably necessary."  The Fifth Circuit, in considering such requests, has held that services are not reasonably necessary unless the petitioner shows a substantial need for the requested assistance.  *Riley v. Dretke*, 362 F.3d 302, 307 (5th Cir. 2004).  In evaluating the need for investigation, courts must be mindful of the presumption of correctness given to state court findings and the stringent standard that must be met

before new evidence may be offered in a habeas proceeding.  28 U.S.C. § 2254(e)(1) and (2).  Where a petitioner seeks to develop evidence that would not overcome the presumption of correctness, the services are not reasonably necessary.  *Clark v. Johnson*, 202 F.3d 760, 768-69 (5th Cir. 2000).  Likewise, a petitioner cannot show a substantial need for expert services to support claims that are procedurally barred.  *Fuller v. Johnson*, 114 F.3d 491, 502 (5th Cir. 1997).

At this juncture, the Court does not know exactly what evidence was before the state trial or appellate courts, nor have the Respondents set forth in detail any claims of procedural bar.  Thus, even if every contention argued in Walker's Motion was proven to be true, the Court cannot say whether the new evidence would be effective, or even admissible, in attacking the state court proceedings in this matter.  The Court notes that Walker's Petition summarizes the mitigation evidence that should have been presented at trial, and he will not be expected to "prove" those allegations to have his ineffectiveness claims considered.

The denial of the Motion at this time is not, necessarily, the Court's final word on the matter.  After briefing has been completed, and after the state court record has been received and reviewed, the Court may determine that the new evidence that counsel hopes to produce would be helpful, particularly if it believes that an evidentiary hearing is in order.  Therefore, Walker may re-urge a mental evaluation at a later date, by a similar motion.

The Court having determined that the mental evaluation should not be ordered at this time, the extension of time requested by Walker is unnecessary.  However, the Court is mindful that the deadline for filing Walker's memorandum of authorities was set on February 6, and Walker may have deferred completing it while awaiting a ruling on this Motion.  For that reason, the Court is of the opinion that a short extension of time should be granted.

IT IS, THEREFORE, ORDERED that the Petitioner's Motion to Require the Mississippi State Penitentiary at Parchman to Give Expert Access to Petitioner for Purposes of Examination and to Extend the Date for Filing of Petitioner's Brief on the Merits [Documents 79 and 80] is hereby **denied** to the extent that it seeks an order allowing a mental evaluation of the Petitioner.  The request for an extension of time is **granted**, as follows:

1.      The Petitioner shall have until February 13, 1008, within which to submit a memorandum of authorities in support of his petition for writ of habeas corpus.

2.      The Respondents may submit a responsive memorandum on or before May 13, 2008.

3.      The Petitioner may submit a reply memorandum on or before July 7, 2008.

4.      The parties shall provide a courtesy copy to the Court of any pleading or brief that is longer than fifty pages, including exhibits, which shall be mailed or delivered to the office of the Clerk, to the attention of the Death Penalty Law Clerk.

IT IS SO ORDERED this the 6th day of February, 2008.


                                        s/*Keith Starrett*
                                        UNITED STATES DISTRICT JUDGE